UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


LEON JOHNSON,

        Petitioner,

v.                                  Case No. 2:08-cv-171
                                     HON. R. ALLAN EDGAR

GERALD HOFBAUER,

        Respondent.

_____/


**REPORT AND RECOMMENDATION**

        Petitioner Leon Johnson filed this petition for writ of habeas corpus challenging the validity of his state court conviction.  Petitioner was convicted on October 7, 2005, of possession with intent to deliver marijuana, MCL § 33.7401(2)(d)(iii), and maintaining a drug house, MCL § 333.7405(1)(d).  On October 31, 2005, petitioner was sentenced as a fourth habitual offender to concurrent terms of 34 to 180 months imprisonment on each conviction.  Petitioner filed an application for delayed appeal with the Michigan Court of Appeals. In an order dated March 28, 2007, the Court of Appeals remanded the case to the Circuit Court for the appointment of appellate counsel so that counsel could re-submit an application on petitioner's behalf. (Docket #16). Petitioner's counsel filed a delayed application for leave to appeal with the Michigan Supreme Court which was denied in an order dated November 07, 2007.  (Docket #17).  Petitioner then filed a pro se application for leave to appeal with the Michigan Supreme Court.  The application for leave to appeal was denied in an order dated April 23, 2008.  (Docket #18).  Petitioner then filed a pro se petition for a writ of habeas corpus with this court raising the following issues:

I.  Mr Johnson's constitutional right to confrontation was violated by the admission of a police laboratory report, and testimony concerning the contents of the report, because the report and testimony constituted 'testimonial hearsay' under *Crawford* and the author of the report did not testify.

II.  Mr. Johnson's constitutional right to confrontation was violated by the admission of hearsay statements by the confidential informant regarding drug trafficking at the Skyway Café.

III. Mr. Johnson's constitutional right to due process was violated when the court allowed the prosecutor to ask Mr. Johnson questions about his ability to bring in witnesses to support his defense that improperly shifted the burden of proof.

IV.  Plain error occurred by the omission of a jury instruction relating to impeachment of the defendant by evidence of a prior conviction.

V.  Mr. Johnson was denied ineffective assistance of counsel where counsel failed to call Tori Johnson as a witness at trial.

Petitioner raises claims that his Sixth Amendment rights to confront witnesses against him were denied.  Petitioner claims that Detective Sergeant Robert Boyce testified about the contents of a laboratory report, although he was not the author of the report.  Petitioner claims that statements made by a confidential informant were improperly admitted during trial.

In *Ohio v. Roberts*, 448 U.S. 56 (1980), the United States Supreme Court held that the Confrontation Clause was not violated when the court admitted the preliminary examination testimony of a witness who did not appear at trial.  The Court stated:

> The Confrontation Clause operates in two separate ways to restrict the range of admissible hearsay.  First, in conformance with the Framers' preference for face-to-face accusation, the Sixth Amendment establishes a rule of necessity.  In the usual case (including cases where prior cross-examination has occurred), the prosecution must either produce, or demonstrate the unavailability of, the declarant whose statement it wishes to use against the defendant.

> The second aspect operates once a witness is shown to be unavailable. Reflecting its underlying purpose to augment accuracy in the factfinding process by ensuring the defendant an effective means to test adverse evidence, the Clause countenances only hearsay marked with such trustworthiness that 'there is no material departure from the reason of the general rule.'

*Id.* at 64 (citations omitted).  At trial, Detective Sergeant Boyce testified concerning the laboratory report as follows:

> Q     And the marijuana, after it was seized by the evidence technician, in fact, went to a local Berrien County Forensic Laboratory?
>
> A     That's correct.
>
> Q     To be analyzed by a lab analyst?
>
> A     That's correct.
>
> Q     And was found to be positive for marijuana.
>
> A     That's correct.
>
> Q     And I'm handing you what's been marked as People's Exhibit Number Two.  For the record that's Berrien County Forensic Laboratory, lab number 2005-1437.  Is that the drug analysis report that relates to this case?
>
> A     Yes, it is.
>
> Q     And shows the 24 packets to be of approximately equal weight?
>
> A     That's correct, all consistent with being five dollar packages of marijuana.

Trial transcript at 122, docket # 13.

The laboratory report was admitted without objection from petitioner's counsel.  *Id.* at 125.  Petitioner claims that this was error under *Crawford v. Washington*, 541 U.S. 36 (2004).  In *Crawford* the United States Supreme Court held that *Roberts* applied to non-testimonial statements:

- 3 -

> Where nontestimonial hearsay is at issue, it is wholly consistent with
> the Framers' design to afford the States flexibility in their
> development of hearsay law – as does *Roberts*, and as would an
> approach that exempted such statements from Confrontation Clause
> scrutiny altogether.  Where testimonial evidence is at issue, however,
> the Sixth Amendment demands what the common law required:
> unavailability and a prior opportunity for cross-examination.  We
> leave for another day any effort to spell out a comprehensive
> definition of "testimonial."  Whatever else the term covers, it applies
> at a minimum to prior testimony at a preliminary hearing, before a
> grand jury, or at a former trial; and to police interrogations.  These are
> the modern practices with closest kinship to the abuses at which the
> Confrontation Clause was directed.

*Id.* at 68, footnote omitted.  Petitioner has not established that *Crawford* applies to the admission of

every laboratory report.  In *Melendez-Diaz v. Mass.*, 129 S.Ct. 2527 (2009), the Supreme Court held

that the right to confrontation applies to the admission of affidavits and analysts' certificates which

stated that a substance was cocaine.  In that case, the defendant's attorney objected to the admission

of affidavits as a violation of the Confrontation Clause from absent state laboratory analysts who had

conducted the testing.  The Court held that the admission of the certificates without the analysts'

testimony violated defendant's right to confront witnesses against him.  Petitioner has not asserted

that affidavits or analysts' certificates were admitted in this case.  In this case, there was no objection

to the admission of the laboratory report and no dispute that marijuana was found at petitioner's

place of business.  In fact, petitioner admitted that marijuana was found at his place of business, but

he argued in his defense that the marijuana was his girlfriend's drugs.  There was no reason for the

author of the laboratory report to be present at trial, because petitioner conceded at trial that the

evidence found at his place of business was marijuana.  Any evidence admitted from the laboratory

report was not evidence in controversy in this case.  The Court noted that often live testimony is not

needed, as in this case, because the prosecution and defense counsel will stipulate to the nature of

the substance in an ordinary drug case.  *Id.* at 2542.  Petitioner never objected to the laboratory report

- 4 -

and in fact stipulated to its admission into evidence. Accordingly, in the opinion of the undersigned, there was no error.

Detective Sergeant Boyce also testified that police executed the search warrant on petitioner's place of business because a confidential informant made several controlled purchases of illegal narcotics at the restaurant. Petitioner argues that he should have been able to confront the confidential informant. However, the confidential informant did not make any testimonial statements against petitioner. Detective Sergeant Boyce testified regarding the search warrant and defense counsel had the opportunity to cross-examine the detective. Trial Transcript at 105-108 (Docket #13). Defendant did not object to the testimony of Boyce. In *United States v. Sales*, 247 Fed. Appx. 730 (6th Cir. 2007) (unpublished) (attached), the Court explained:

> Sales also argues that the prosecutor placed the CI's "claims" "before the jury without giving Sales a chance to confront his accuser," in violation of the Sixth Amendment's Confrontation Clause; *see* U.S. CONST. amend VI. At trial, Officer St. Andre testified concerning the procurement of the search warrant for Sales's residence. Sales relies, in vain, on *United States v. Cromer*, 389 F.3d 662 (6th Cir.2004). In *Cromer,* we found no violation of the Sixth Amendment's Confrontation Clause where the events or testimony in question "did not even put before the jury any statements made by the CI." *Cromer*, 389 F.3d at 676. Even if the officer's testimony revealed the CI's statements to the jury, the "confrontation right was not implicated because the testimony was provided merely by way of background." *Id.* In short, the "Confrontation Clause 'does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted.'" *Id.* (quoting *Crawford v. Washington*, 541 U.S. 36, 59 n. 9, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004)).
>
> Here, as Sales admits, "the confidential informant did not testify nor were [her/his] statements expressly used in the trial of Sales." Under *Cromer,* there was no violation of Sales's Sixth Amendment right to confront his accusers. The district court did not abuse its discretion in denying Sales's motion to disclose the CI's identity.

The Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Petitioner claims that prosecutorial misconduct occurred.  Ultimately, the issue for the Court is whether the prosecutor's conduct denied petitioner a fundamentally fair trial.  *Smith v. Phillips*, 455 U.S. 209, 219, 102 S. Ct. 940 (1982).  *See also United States v. Carroll*, 26 F.3d 1380 (6th Cir. 1994) (adopting test for evaluation of prosecutorial misconduct on direct review); *Serra v. Michigan Department of Corrections*, 4 F.3d 1348 (6th Cir. 1993) (applying similar test to habeas action).  Inappropriate remarks or conduct by a prosecutor constitute a matter of constitutional concern only when it is egregious enough to deprive the defendant of a fair trial.  *See United States v. Chambers*, 944 F.2d 1253 (6th Cir.), *cert. denied*, 112 S. Ct. 1217 (1992); *United States v. Mohney*, 949 F.2d 1397, 1400 (6th Cir. 1991), *cert. denied*, 112 S. Ct. 1940 (1992); *Paprocki v. Foltz*, 869 F.2d 281 (6th Cir. 1989).

Petitioner claims that the prosecutor's cross examination of petitioner improperly shifted the burden of proof to petitioner.  Petitioner denied that he possessed the drugs, but stated that he knew the identity of the drug owner, but would not call that person as a witness in his defense.  This was petitioner's testimony and the court allowed the prosecutor to challenge petitioner on this testimony.  At trial petitioner testified:

A      Why would I leave something laying like that around?  I'm wondering how it got there.

Q      I bet you're wondering how this got under your kitchen counter too?

A      Exactly I am.

- 6 -

Q        And I bet you're wondering how . . .

A        And I'm wondering how the stems got in there with the
         tobacco, and I'm wondering how the tobacco got in the bags.

Q        And I bet you're wondering how Exhibit Number 13, the
         marijuana, got in the pants?

A        Yes, ma'am.

Q        And I bet – you know what else I bet you're wondering, I bet
         you're wondering how that cocaine got into that coat pocket?

A        Yes, ma'am.

Q        And I bet you're even wondering how the pills got in the coat
         pocket?

A        I didn't put them there.  I can say that.

Q        I bet you're wondering who did.

A        I can – I can say I didn't put them there . . .

Q        I bet . . .

A        . . . and they were there without my knowledge.

Q        I bet you're wondering who did though?

A        No.  I've been told who did, but that would only be hearsay.

Q        Well . . .

A        I can't say who told me that and you, know . . .

Q        But you could bring that . . .

A        . . . I know who did it.

Q        You could bring that person in, couldn't you, and testify?

A        Well, why should I?

Petitioner conceded that he could call this person as a witness.  Moreover, the prosecutor never asked petitioner a question regarding the identity of the person who owned the drugs.  Petitioner volunteered that he knew the identity of the drug owner.  This testimony was not responsive to the prosecutor's question, but once petitioner opened the door and indicated that he knew who owned the drugs, the prosecutor had no choice but to ask petitioner why he was not calling that person as a witness.  The prosecutor did not commit misconduct during the cross examination of petitioner.  Similarly, petitioner claims that the prosecutor committed misconduct by commenting on petitioner's previous tax fraud conviction during closing argument.  Petitioner has not indicated how the prosecutor's statements during closing argument were constitutionally improper.

Petitioner claims that the court erred by failing to give a jury instruction regarding prior bad acts evidence.  Petitioner claims that Michigan Criminal Jury Instruction Pattern Instruction 3.4 – Defendant -Impeachment by Prior Conviction – should have been read to the jury.  A federal court may not issue a writ of habeas corpus on the basis of a perceived error of state law.  *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Engle v. Isaac*, 456 U.S. 107, 119 (1982); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988), *cert. denied* 488 U.S. 866 (1988).  Therefore, it appears that this portion of petitioner's argument should be dismissed.

Petitioner claims that his counsel was ineffective for failing to call Tori Johnson as a witness.  Petitioner claims that Tori Johnson would have taken responsibility for the drugs.  In order to prevail on a claim of ineffective assistance of counsel, petitioner must show that counsel's errors were so serious that he was not functioning as counsel guaranteed by the Sixth Amendment, and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  *Wong v. Money*, 142 F.3d 313, 319 (6th Cir. 1998); *Bruner v. Perini*, 875 F.2d 531, 535 (6th Cir.), *cert. denied*, 493 U.S. 938, 110 S. Ct. 334 (1989)

(citing *Strickland v. Washington*, 466 U.S. 668, 688-96, 104 S. Ct. 2052, 2065, 69, 80 L. Ed. 2d 647 (1984)).

There has been ineffective assistance of counsel where an attorney's performance is so deficient as to prejudice the defense and render the trial unfair and the result unreliable. *Wong*, 142 F.3d at 319; *Austin v. Bell*, 126 F.3d 843, 847 (6th Cir. 1997), *cert. denied*, 118 S. Ct. 1547 (1998). Even if a court determines that counsel's performance was outside the wide range of professionally competent assistance, the petitioner is not entitled to relief if his counsel's error had no effect on the judgment. *Tucker v. Prelesnik*, 181 F.3d 747, 754 (6th Cir. 1999). Rather, a petitioner must show that the probability that the outcome of the case would have been different but for counsel's unprofessional errors is sufficient to undermine confidence in the result. *Wong*, 142 F.3d at 319; *Austin*, 126 F.2d at 848. "The performance and prejudice components of the *Strickland* test are mixed questions of law and fact." *Austin*, 126 F.2d at 848.

The court's review of defense counsel's performance is highly deferential, and defense counsel is presumed to have rendered adequate assistance by exercising reasonable professional judgment and sound trial strategy. *Wong*, 142 F.3d at 319; *Austin*, 126 F.3d at 848. The petitioner must overcome the presumption that, under the circumstances, the challenged actions might be considered sound trial strategy. *Strickland*, 466 U.S. at 689; *Tucker v. Prelesnik*, 181 F.3d 747, 754 (6th Cir. 1999).

Defense counsel was aware that the prosecutor intended to impeach Tori Johnson by exploring her credibility if she were to take responsibility for the drugs. The prosecutor pointed out that because Tori Johnson had no prior convictions, she would receive at most minimal jail time and likely only probation if convicted on these offenses. Petitioner on the other hand, had prior convictions and was facing substantial prison time for these offenses. After the court ruled that the

prosecutor could impeach Tori Johnson if she took the stand, defense counsel stated that he would not call Tori Johnson as a witness as a matter of trial strategy.  Trial transcript at 249, Docket #13. Counsel clearly indicated on the record that he chose not to call Tori Johnson as a witness as a matter of trial strategy.  Counsel cannot be considered ineffective for making such a decision.  The Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

In summary, the undersigned concludes that petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for habeas corpus relief.  Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted.  A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability.  *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted.  *Id.*  Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000).  *Murphy*, 263 F.3d at 467.  Consequently, the undersigned has examined each of petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the

- 10 -

constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of petitioner's claims was debatable or wrong. Therefore, the undersigned recommends that the court deny petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).


 /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:  May 31, 2011